UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

UNITED STATES OF AMERICA,

-v-

JESSE RIVERA,

Defendant.

15-CR-877-002 (PAE)
17-CR-206-001 (PAE)

ORDER

------

PAUL A. ENGELMAYER, District Judge:

On September 27, 2019, defendant Jesse Rivera was sentenced, after a guilty plea, principally to a term of imprisonment of 275 months. *See* Dkt. 311 (judgment); Dkt. 313 (transcript of sentencing) ("Sent. Tr.") at 70.[1]

On June 24, 2024, Rivera—represented by Susan K. Marcus, Esq., who had represented Rivera during pretrial proceedings and sentencing and whom the Court had reappointed for the purpose of a motion for sentence reduction, *see* Dkt. 339—moved for a reduction of his sentence under Amendment 821 to the Sentencing Guidelines. Dkt. 350. Rivera sought a reduction of sentence by 20 months. *Id*. at 2. On July 8, 2024, the Government filed a letter, not disputing that Rivera is eligible for, but opposing, a sentence reduction. Dkt. 351. The Probation Office has determined that Rivera is eligible for a sentence reduction. Dkt. 338 at 46.

The Court agrees that Rivera is eligible for a sentence reduction under Amendment 821. Rivera's Guidelines range at sentencing was calculated in this manner. Count Two of 15 Cr. 877, charging Hobbs Act robbery in violation of 18 U.S.C. § 1951, and Count One in 17 Cr. 206, which charged assault of a federal officer, were grouped together. These offenses, taking into

---

[1] Docket references herein are to the docket in 15 Cr. 877.

1

account relevant conduct, yielded a total offense level of 33; in conjunction with Rivera's criminal history category of IV, that made his Guidelines range on these counts between 188 and 235 months' imprisonment. Count Six of 15 Cr. 877, which charged a firearms offense in connection with the Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), carried a mandatory consecutive sentence of 84 months' imprisonment. Rivera's effective Guidelines range was thus between 272 and 319 months' imprisonment. *See* Dkt. 308 (presentence report) at 11; Sent. Tr. at 9. The sentence imposed of 275 months' imprisonment was within that range. It comprised 191 months' imprisonment on Count Two of 15 Cr. 877, followed by 84 months' imprisonment on Count Six of 15 Cr. 877; the 60-month sentence the Count imposed on Count One of 17 Cr. 206 ran concurrently with the 191-month sentence. Dkt. 311 at 2; Sent. Tr. at 70.

In light of Amendment 821, however, Rivera's criminal history category would today be calculated as III, as a result of the elimination of the 2-point "status-points" enhancement of U.S.S.G. § 4A1.1(e), for having committed the offense of conviction while under a criminal justice sentence. His Guidelines range would thus be 168 to 210 months' imprisonment on the non-firearms counts. Adding the mandatorily consecutive 84-month sentence on the firearms count, his effective Guidelines range would be 252 to 294 months' imprisonment. Dkt. 338 at 4. Because the bottom of that range is below the sentence imposed, Rivera is eligible under Amendment 821 for a reduction of sentence.

The Court has reviewed the record in this case, including its detailed assessment of the proper sentence at the time of sentencing as reflected in the sentencing hearing transcript, and counsel's recent submissions. After considered attention, the Court declines to reduce Rivera's sentence based on Amendment 821. The Court does so for two reasons.

First, the reduced Guidelines range yielded by Amendment 821 demonstrably would not have made a difference to the sentence the Court imposed in September 2019. The sentence imposed was within—not at the bottom of—the applicable Guidelines range. As the Court explained at sentencing, it found a 275-month sentence the lowest that fairly took into account the § 3553(a) factors, considered together. Sent. Tr. at 69–70. Such a sentence was necessary to respect various § 3553(a) factors, *id.*, including to reflect just punishment for crimes the Court termed "horrifying, harmful, and terribly destructive," *id*. at 47—and to protect the public from Rivera's potential to recidivate. The Court incorporates by reference its extended explanation to that effect. *See generally id*. at 49–69. In brief, Rivera led a violent robbery crew that committed nine armed robberies, during which Rivera restrained and brutally and sadistically abused victims. In one, Rivera sodomized a victim with a baseball bat, and then tried to blackmail him by threatening to release a video of that act to humiliate him. *Id*. at 47, 51 (terming this "an entirely gratuitous, cruel and evil act"). Later, in prison, Rivera committed two violent assaults. In one, he came up behind an inmate working behind a computer and, without provocation, slashed the inmate across the face with a sharp object. In the other, he cut an officer with a sharp object while the officer was attempting to collect refuse from Rivera's cell. *Id*. at 52–53. In sum, the Court stated, Rivera's offense conduct was "as gravely destructive as any case I've had, with the exception of murder cases, attempted murder cases, and child exploitation cases." *Id*. at 53. In setting sentence, the Court credited Rivera for his "dramatic change in [] behavior" and real efforts at self-improvement between his arrest and sentencing. *Id.* at 57. But for such progress, the Court stated, the sentence would have been above the top of the Guidelines range (319 months) and "possibly materially above [it], given the sheer horror of [Rivera's] conduct." *Id*. at 60.

Amendment 821's recalculation of Rivera's Guidelines range would not have altered this considered evaluation. Measured against the weighty factors that drove the sentencing—the gravity of Rivera's offense conduct and the strong interest in public protection—the fact that Rivera had committed his offense while on supervision was not consequential in the Court's sentencing assessment. The Court's judgment that the interest in public protection against recidivism required a long sentence, for example, did not turn on the fact that Rivera had committed his offenses while on parole.

In any event, the sentence imposed (275 months) would still fit within—indeed, nearly bisect—the Guidelines range (252 to 294 months) yielded by application of Amendment 821.[2] In recommending a 255-month sentence, *i.e.*, a 20-month reduction, Rivera notes that such a sentence, like the sentence the Court imposed, would be three months above the bottom of the applicable Guidelines range. Dkt. 350 at 2. That argument is based on a faulty premise. At sentencing, the Court did not key its evaluation of the just and reasonable sentence to the bottom of the Guidelines range. Rather, as the transcript of sentencing reflects, the Court based that sentence on its evaluation of the assembled § 3553(a) factors.

Second, developments since sentencing do not lead to the Court to revise its assessment of the just sentence. Rivera notes that conditions of confinement in federal prisons have been harder than expected, due largely to the Covid-19 pandemic, and that he has taken further steps towards self-improvement. Dkt. 350 at 2–5. The Government notes that, since sentencing, Rivera has committed four violent assaults, all between February 2022 and April 2024, and admitted ownership of a seven-inch sharpened metal weapon concealed in his cell. Dkt. 351 at

---

[2] Although irrelevant to this decision, Rivera barely qualifies for relief under Amendment 821. The Amendment does not apply to defendants who had seven or more criminal history points at the time of sentencing. Rivera had six. Dkt. 338 at 3.

4. Considered together, these developments do not materially alter the balance of the § 3553(a) factors. Those factors, predominantly those of just punishment and protection of the public, continue to require the sentence imposed.

The Court accordingly declines to modify Rivera's sentence.

SO ORDERED.

                                                                         PAUL A. ENGELMAYER
                                                                         United States District Judge

Dated: August 23, 2024
       New York, New York